IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID SKROH** § | | |
| **On behalf of himself** § | | |
| **and All Others Similarly Situated** § | | **CIVIL ACTION NO. _____** |
| § | | **JURY DEMANDED** |
| § | | |
| **VS.** § | | **COLLECTIVE ACTION** |
| § | | **UNDER 29 USC §216(b)** |
| § | | |
| **POLYNT COMPOSITES USA INC.** § | | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1.  Plaintiff, David Skroh ("Named Plaintiff") files this collective action seeking recovery of unpaid wages and overtime wages for himself, and for those similarly situated to him, which are required to be paid under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201, *et seq*. Specifically, Defendant failed to pay Plaintiff, and those similarly situated, for all compensable work activities falling within the continuous workday – the time occurring after the first principal activity and before the last principal activity of the day. Plaintiff alleges that he, and those similarly situated to him, did not receive their wages or overtime pay for all hours they worked in excess of 40 hours per workweek as a result of Defendant's failure to account and pay for time for time spent performing compensable pre-shift and post-shift activities that were integral and indispensable to their principal activities or were themselves principal activities. Rather, Defendant paid Plaintiff, and those similarly situated, according to their clock-in/clock-out time which does not account for all compensable activities performed by Defendant's hourly maintenance and production employees. Defendant also failed to pay its hourly maintenance workers for hours worked while

on call.

2. By way of example only, Plaintiff, and those similarly situated to him, were and are not paid for preparatory and concluding activities that include, among other things, donning and doffing company-provided and company-required clothing and safety equipment and activities that must otherwise be performed in order for Plaintiff and all those similarly situated to be "ready" at the beginning of their shift time. Plaintiff files this suit as a collective action pursuant to 29 U.S.C. § 216(b) and seeks to represent all other similarly situated past and present hourly maintenance and production employees, as described herein, who have not been paid their wages and overtime wages for all time worked in excess of 40 hours per workweek. These similarly situated employees work or worked at Polynt Composites USA, Inc.'s plant in Ennis, Texas.

## PARTIES

3. Plaintiff David Skroh is a resident of Ellis County, Texas. Plaintiff brings this action on his own behalf and, pursuant to 29 U.S.C. § 216(b) as a representative of a group of individuals who are similarly situated to them with respect to job duties and pay provisions. Defendant, Polynt Composites USA, Inc. is a foreign corporation licensed to do business in the state of Texas with a plant located at 201 Cedar Rd, Ennis, TX 75119. Defendant may be served by delivering a copy of this Complaint to its registered agent for service, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4. This court has jurisdiction by virtue of 28 U.S.C. § 1331. Polynt's plant is located in Ennis, Texas which is within the Northern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. § 201, *et seq*.

## FLSA COVERAGE

5. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. At all times hereinafter mentioned, Defendant has been and enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, Defendant has been and enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

8. At all times hereinafter mentioned, Plaintiff and all those similarly situated were employees who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

### DONNING AND DOFFING – MAINTENANCE AND PRODUCTION WORKERS

9. For many years, Plaintiff Skroh was employed at Polynt Composites USA, Inc.'s manufacturing plant located in Ennis, Texas as an hourly maintenance worker. He worked Monday through Friday from 7:00 a.m. to 3:30 p.m. Polynt also employs hourly production workers who work 12-hour shifts, 7:00 a.m. to 7:00 p.m. and vice versa. Polynt's hourly workers were scheduled to work at least 40 hours each and every workweek.

10. Polynt requires its hourly production and maintenance employees to wear company-issued

boots, hard hats and clothing (PPE) to perform their duties for the company. Polynt owns and issues the PPE to its hourly employees and requires the hourly employees to leave the PPE at the plant. Polynt also requires its hourly production and maintenance employees to don the required PPE prior to clocking in and before these employees walk to their required workstations.

11.     Defendant required that Plaintiff and those similarly situated, were to be prepared or ready to perform their assigned work at the beginning of their assigned start time.  They were to work through the end of their assigned work time unless production needs dictated otherwise.

12.     Defendant failed to compensate Plaintiff, and those similarly situated to him, for time spent engaged in the described pre-shift and post-shift activities after Plaintiff and all those similarly situated conducted their first principal activity of the day and before they performed their last principal activity of the day.  Defendant's pay policies failed to compensate Plaintiff and those similarly situated, for performing preparatory and concluding activities (compensable pre-shift and post-shift work activities) performed before the beginning and after the end of the scheduled and paid work time.  Defendant instructed or was aware that Plaintiffs, and those similarly situated to them, were engaged in these compensable activities, but failed to compensate the employees for this work time.  These activities were and are integral and indispensable to Plaintiffs' principal activities or were principal activities in themselves.  Moreover, these preparatory and concluding activities were for Defendant's benefit and not for the convenience of Plaintiffs and those similarly situated to them.

13.      By way of example (and without limitation), the claims for uncompensated work time in question include time spent working within the continuous workday:

      a. In walking to the designated storage area to obtain the safety related clothing and/or equipment required by Polynt to be worn while working;

      b. In changing into (donning) the company-owned and company-required safety related clothing and/or equipment;

      c. In walking from the storage and/or changing area to the time clock;

      d. In punching into and out of time clocks as required by Defendant; and

      e. In changing out of (doffing) the company-owned and company-required safety related clothing and/or equipment.

14. Although Plaintiff, and those similarly situated to him, were required to punch a time clock at the beginning and end of the day, they were not compensated for the pre-shift and post-shift activities described herein. The actual work time spent by the Plaintiffs, and those similarly situated to them, in engaging in the aforesaid activities was not compensated in violation of the FLSA.

15. For the period three years prior to this suit, Defendant failed to pay Plaintiff and those similarly situated hourly workers for all hours worked and in particular overtime wages for those unpaid hours worked over forty in each and every work week.

## ON CALL TIME – MAINTENANCE WORKERS

16. Plaintiff, as a maintenance employee of Polynt, was required to be 'on-call' after his regular work hours of 7:00 a.m. to 3:30 p.m. Monday through Friday. When 'on-call' Plaintiff was required to answer phone calls from the plant which required him to disengage from whatever personal pursuit in which he might be engaged at the time. Plaintiff was also required to travel to the plant to address maintenance issues after his regular work hours. Plaintiff was not compensated for any work time spent on the phone with the plant outside of his regular work hours. Plaintiff was also not compensated for any travel time from his home to the plant after he was engaged to work via the phone. Therefore under the Portal-to-Portal Act, Plaintiff and the similarly situated maintenance workers were entitled to compensation for on-call travel time to the plant, in addition to the uncompensated time spent solving maintenance issues over the phone during their off duty hours.

### UNPAID OVERTIME WAGES

17. Plaintiffs, and those similarly situated, regularly and consistently worked more than 40 hours per week with Polynt's knowledge of the work activities described herein and for which Polynt does not pay Plaintiff and those similarly situated. Plaintiff alleges he, and those similarly situated to him, were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week. Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for all hours worked beyond 40 per week to employees in the United States in violation of the FLSA statutes referenced herein.

### CLAIM - VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. During the relevant period, and by way of the facts set forth above, Defendant violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one and one-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

### COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 216(b), Plaintiff David Skroh brings this action on his own behalf and on behalf of those similarly situated (hereinafter "Potential Plaintiffs"). Potential Plaintiffs have also been denied overtime pay for hours worked over forty hours in a week as a result of Defendant's failure to properly count hours worked as described Paragraphs 9 through 15 of this Complaint. As such, the Potential Plaintiffs are similar to Plaintiff in terms of job duties and pay

provisions, and the Potential Plaintiffs are similar to Plaintiff in the denial of overtime pay when required to work over forty hours in a workweek.

20.     Defendant has suffered, permitted, and/or required Potential Plaintiffs to work in excess of forty hours per week without fully compensating them for their overtime hours.

21.     Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Potential Plaintiffs.  Plaintiff's experiences are typical of the experience of the Potential Plaintiffs

22.     The specific job titles or precise job titles of each Class Member do not prevent collective treatment. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.  The questions of law and fact are common to Plaintiff and the Potential Plaintiffs.

23.     As a collective action, Plaintiff will seek this court's appointment and\or designation as representative of a group of similarly situated employees of Polynt who were not paid for all hours worked as described herein.  Polynt's failure to pay overtime in accordance with the FLSA is common to all hourly-paid maintenance and production employees in Polynt's Ennis Texas facility where those employees are paid according to line time or shift time and are not compensated for the time they spend performing the activities described in Paragraphs 9 through 15 of this Original Complaint.

## JURY DEMAND

24.     Plaintiff, individually and on behalf of those similarly situated, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff that he and all those who consent to

be party plaintiffs in this collective action recover from Polynt Composites USA, Inc., the following:

1. Compensation for all hours worked at a rate not less than the applicable minimum wage;
2. Overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates;
3. All unpaid wages and overtime compensation;
4. An equal amount as liquidated damages as allowed under the FLSA;
5. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;
6. Post judgment interest at the highest rates allowed by law; and
7. Such other relief as to which Plaintiffs and the opt-in Plaintiffs may be entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

**ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE CLASS MEMBERS**